**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

KENNETH ATKINSON,
            *Defendant-Appellant.*

No. 02-4342

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-99-760)

Submitted: November 7, 2002

Decided: November 15, 2002

Before WILKINS and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

C. Gordon McBride, Hartsville, South Carolina, for Appellant. Rose
M. Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Kenneth Atkinson pled guilty to one count of conspiracy to distribute and possess with intent to distribute hydromorphone and methadone in violation of 21 U.S.C. § 841(a) (2000), and 21 U.S.C. § 846 (2000). Atkinson was sentenced to 120 months imprisonment. Counsel for Atkinson has filed a brief pursuant to *Anders v. California*, 368 U.S. 738 (1967), raising two issues but stating that, in his view, there are no meritorious issues for appeal. Atkinson has been informed of his right to file a pro se supplemental brief, and although he expressed dissatisfaction with counsel's brief, he raised no issues regarding his conviction or sentence.

Atkinson challenges the inclusion of Dilaudid (hydromorphone) as relevant conduct for sentencing purposes. The sentencing court heard testimony from four witnesses and found as a factual matter that Atkinson was involved in the distribution of Dilaudid (hydromorphone). We find that the sentencing court did not clearly err in this finding. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989).

Atkinson further notes he was sentenced based on the total weight of the pills involved in the conspiracy, and not the pure drugs less any filler. "Unless otherwise specified, the weight of a controlled substance set forth in the table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance." *U.S. Sentencing Guidelines Manual* § 2D1.1 (2000). We have held that this gross weight methodology applies to pharmaceuticals. *United States v. Meitinger*, 901 F.2d 27, 29 (4th Cir. 1990); *United States v. Bayerle*, 898 F.2d 28, 31-32 (4th Cir. 1990). We see no reason to depart from this well established rule.

Atkinson further disputes the application of a sentencing guideline enhancement for the possession of a firearm in conjunction with a drug trafficking crime. *See* USSG § 2D1.1(b)(1). The determination that a weapon enhancement is warranted is a factual question subject to clear error review. *United States v. Apple*, 915 F.2d 899, 914 (4th Cir. 1990). The district court did not clearly err when Atkinson's sen-

tence was enhanced for possession of a dangerous weapon because Atkinson did not show it was clearly improbable that the weapon was connected with the offense. USSG § 2D1.1, comment. (n.3); *United States v. Harris*, 128 F.3d 850, 852 (4th Cir. 1997). Finally, the sentence was within the range prescribed by the statute of conviction.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Atkinson's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*